REQUESTED BY: Senator Ron Withem Nebraska State Legislature State Capitol, Room 1115 Lincoln, NE 68509
Dear Senator Withem:
This is in response to your letter of May 7, 1985, concerning LB 727. You have asked several questions which concern the funding for implementation of the homestead exemption law passed in 1984, LB 809, and the possible effects of the failure of the Legislature to appropriate the $18 million required to fund this program.
Your first question is whether Neb.Rev.Stat. §77-3525 (Supp. 1984) obligates the State of Nebraska to fund the general homestead exemption and reimburse the counties for revenues lost pursuant to Neb.Rev.Stat. §77-3506.01 (Supp. 1984). Section 77-3506.01 merely establishes the existence of the homestead exemption, which exempts from taxation the first $3,000 of actual value of each homestead. Section 77-3525 provides that "All revenue which shall be lost to taxing agencies as a result of the provisions of Chapter 77, article 35, shall be considered an express obligation of the state for the purpose of setting the sales and income tax rates under section 77-2715.01." Section 77-2715.01, in effect, is nothing more than a series of requirements which the Legislature must follow when setting the sales and income tax rates. The term "express obligation" as used in that section has a special meaning for purposes of this "formula approach" used to establish the sales and income tax rates. As we read § 77-3525, it merely provides that the homestead exemption shall be considered as such an "express obligation" for purposes of setting these tax rates. Of course, if there is no appropriation for this amount it will have no impact on setting the sales and income tax rates. In other words, we do not read this section as obligating the state to pay this money to the counties, but merely as a requirement for the Legislature to follow in setting the sales and income tax rates.
Your second question is in essence whether or not county assessors must allow the homestead exemption pursuant to Neb.Rev.Stat. § 77-3516 (Supp. 1984) in the event that the appropriation contained in LB 727 to fund this program does not pass. The law setting forth the homestead exemption, § 77-3506.01 is not repealed by LB 727 and thus the assessors would be required to grant the exemption.
Your third question is whether pursuant to Neb.Rev.Stat. § 77-3523 (Supp. 1984) each taxing district must take into account in its annual budget the amount to be reimbursed under the general homestead exemption, if LB 727 does not pass. This section of law provides simply that "Each taxing agency shall, in preparing its annual budget, take into account the amount to be received under this section." Of course, if LB 727 does not pass the taxing districts will not be receiving anything under this section and would of course note this fact in preparation of their budget.
Your next question concerns the distribution by the county treasurer to taxing agencies under Neb.Rev.Stat. § 77-3523 (Supp. 1984). Specifically your question is whether or not the county treasurer must distribute any funds to these agencies if there are no state funds appropriated under LB 727. This section provides in part that: The State Treasurer shall, between the fifth and twentieth day of each month, notify the Director of Administrative Services of the amount of funds available in the General Fund for payment purposes. The Director of Administrative Services shall, upon receipt of such notification, draw warrants against funds appropriated. Out of the amount so received the county treasurer shall distribute to each the taxing agencies within his or her county the amount so lost by such agency, . . . . It seems clear, that the county treasurer will only distribute funds received from the state under this section, and if no appropriations are authorized by the Legislature for this purpose the county treasurer will make no distribution.
Your next question is whether the passage of LB 809 establishing the homestead exemption has created a legal right for citizens in Nebraska having filed applications to be granted a homestead exemption. As we have indicated this law has not been repealed, and citizens who have filed applications for homestead exemptions under its provisions have a right to be granted that homestead exemption.
Your final question is as follows, "If LB 727 does not pass and the applicants for the general homestead exemption do receive property tax relief at the expense of other property taxpayers, do the injured property taxpayers have an enforceable legal claim against the State of Nebraska?" The granting of any tax exemption implies that other taxpayers will be making up this additional tax burden. Nevertheless, there is no basis for such taxpayers having any legal claim against the State of Nebraska for any additional tax burden so imposed.
Sincerely,
ROBERT M. SPIRE Attorney General
John Boehm Assistant Attorney General